1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JESUS ZAVALA,                              No.  2:22-cv-0050 DB P

12                   Plaintiff,

13          v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    REVENUE RECOVERY, et al.,

15                   Defendants.

16

17          Plaintiff is a former[1] county prisoner proceeding pro se with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  Plaintiff alleges funds were improperly removed from his inmate trust

19    account.  For the reasons set forth below, the court will recommend that the complaint be

20    dismissed without leave to amend and that the motion to proceed in forma pauperis be denied as

21    moot.

22    ////

23

24    _____

      [1]  Records indicate that plaintiff is no longer an inmate in the custody of Sacramento County.  See
25    https://www.sacsheriff.com/InmateInformation/SearchNames.aspx (inmate locator website
      operated by the Sacramento County Sheriff's Department).  This court may take judicial notice of
26    such information.  See Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153,
      1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records); Pacheco v.
27    Diaz, No. 1:19-cv-0774 SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (court may
      take judicial notice of the California Department of Corrections and Rehabilitation's inmate
28    locator system).

                                                    1

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## I.      Allegations in the Complaint

Plaintiff alleges the events giving rise to the claim occurred while he was a county inmate. (ECF No. 1 at 2.)  Plaintiff has identified the following defendants: (1) Revenue Recovery; (2) Melina Turpin; (3) Ben Lemera; and (4) Kirsten Ireton.  (Id. at 1.)

Plaintiff states his "stimulus economic impact payment checks" were sent from the location he was housed at when he filed the complaint, to the Sacramento County Mail Jail and were then removed from his account.  (Id. at 3.)  He seeks the return of the funds as well as additional damages from each defendant.  (Id. at 4.)

////

3

1      **II.**      **Does Plaintiff State a Claim under § 1983?**

2          The Due Process Clause protects inmates from unauthorized deductions. <u>Vance v.</u>

3 <u>Barrett</u>, 345 F.3d 1083, 1090-91 (9th Cir. 2003) (deductions from prisoner's accounts without

4 statutory authorization required procedural safeguards); <u>Wright v. Riveland</u>, 219 F.3d 905, 913

5 (9th Cir. 2000) ("inmates have a protectable property interest in funds received from outside

6 sources"). A state agency "violates the Due Process Clause of the Fourteenth Amendment when

7 it prescribes and enforces forfeitures of propery '[w]ithout underlying [statutory] authority and

8 competent procedural protections.'" <u>Nevada Dep't of Corr. v. Green</u>, 648 F.3d 1014, 1019 (9th

9 Cir. 2011) (quoting <u>Vance v. Barrett</u>, 345 F.3d 1083, 1090 (9th Cir. 2003)).

10         However, the Due Process Clause is not violated by the random, unauthorized deprivation

11 of property so long as the state provides an adequate post-deprivation remedy. <u>Hudson v. Palmer</u>,

12 468 U.S. 517, 533 (1984). "California provides an adequate post deprivation remedy for any

13 property deprivations." <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994).

14          Because California provides a remedy for tort claims against public officials, plaintiff's

15 allegation fails to state a cognizable section 1983 claim. <u>See</u> <u>Perryman v. Cal. Dept. of Corr.</u>

16 <u>Rehab.</u>, No. 2:21-cv-0337 KJN P, 2021 WL 5966235, at *3 (E.D. Cal. Nov. 4, 2021) (allegation

17 that prison staff were taking funds from plaintiff's stimulus checks fails to state a claim because

18 plaintiff is required to seek redress in state court); <u>Argel v. Godwin</u>, No. 1:21-cv-0597 NONE

19 BAM (PC), 2021 WL 4924979, at *9 (E.D. Cal. Oct. 21, 2021) (allegation that plaintiff was

20 deprived of stimulus funds not cognizable because California offers an adequate post-deprivation

21 remedy).

22      **III.**      **No Leave to Amend**

23          As set forth above, the complaint fails to state a cognizable claim. The undersigned has

24 carefully considered whether plaintiff may amend the complaint to state a claim upon which relief

25 can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith,

26 prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d

27 1466, 1472 (9th Cir. 1988); <u>see also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>,

28 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the

4

court does not have to allow futile amendments).  Here, given that plaintiff's sole claim for relief is not cognizable in a § 1983 action, the undersigned finds that granting leave to amend would be futile.

## IN FORMA PAUPERIS

Plaintiff submitted an affidavit and prison trust account statement that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Nevertheless, because the court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1.  The motion to proceed in forma pauperis (ECF No. 2) be denied as moot; and

2.  The complaint (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 19, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/zava0050.scrn fr

5